FILED

KING, HOLMES, PATERNO & BERLINER, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
ROTHSCHILD@KHPBLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE: (310) 282-8903

2013 APR 22  PM 4:00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Attorneys for Plaintiffs Charles Schmidt
and Christopher Orlando Torres

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

CHARLES L. SCHMIDT, an individual; CHRISTOPHER ORLANDO TORRES, an individual,

Plaintiffs,

vs.

WARNER BROS. ENTERTAINMENT, INC., a Delaware corporation; 5TH CELL MEDIA, LLC, a Delaware limited liability company,

Defendants.

CASE NO. CV13-02824 JFW (MRWx)

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION and AN ACCOUNTING**

**DEMAND FOR JURY TRIAL**

Plaintiffs Charles L. Schmidt ("Schmidt") and Christopher Orlando Torres ("Torres") (collectively, "plaintiffs"), hereby allege as follows:

## BACKGROUND OF THIS ACTION

1.  This case is to remedy defendants Warner Bros. Entertainment, Inc. ("WB") and 5th Cell Media, LLC's ("5th") willful infringement of plaintiffs' copyrights and trademarks in the memes "Keyboard Cat" and "Nyan Cat." "Keyboard Cat" and "Nyan Cat" are known and enjoyed by tens of millions of people. That popularity makes them extremely valuable for commercial uses. Unlike WB and 5th, many other companies, respecting plaintiffs' intellectual property rights, regularly pay substantial license fees to use plaintiffs' memes

4107.060/642728.1
COMPLAINT

commercially.

2. A meme is a communication of ideas or information and can be in virtually any format--words, an image, a design, a video, a cartoon, or anything else through which information can be communicated. Frequently memes consist of copyrightable creative works or trademarks. Successful memes "go viral" and can reach hundreds of millions of consumers and become sought-after marketing tools. "Keyboard Cat" and "Nyan Cat" are among the best-known examples.

3. "Keyboard Cat" is a video of Schmidt's cat, Fatso, wearing a shirt and sitting upright with its paws on the keys of an electric keyboard, which Schmidt manipulated to make Fatso appear to be playing a tune. Among other accolades, "Keyboard Cat" is number two on Current TV's "50 Greatest Viral Videos" list. Schmidt created and owns the copyright to "Keyboard Cat" and the trademark consisting of the depiction of Fatso's image in the video. "Keyboard Cat" was one of the first memes to become a widespread internet viral phenomenon and still is wildly popular, most recently featured in a national Starburst candy television and online marketing and advertising campaign.

4. "Nyan Cat" is a cartoon. Nyan Cat, a character with a cat's face and a body resembling a horizontal breakfast bar with pink frosting sprinkled with light red dots, flies across the screen, leaving a stream of exhaust in the form of a bright rainbow in its wake. Torres created and owns the copyright to "Nyan Cat" and the trademark consisting of Nyan Cat's image. "Nyan Cat" was the fifth most-watched video on YouTube.com in 2011, and won the "Meme of the Year" award at the prestigious 2012 Webbys.

5. The "WB" logo also is a meme, even though it is only two letters inside the outline of a shield. Of course, WB employs an army of lawyers who use trademark and copyright law to zealously protect its intellectual property, including its logo.

6. Yet, for the past three years, WB, along with game developer 5th, have

knowingly and intentionally infringed plaintiffs' copyrights and trademarks by using "Nyan Cat" and Fatso's image in WB's top selling "Scribblenauts" games, including, most recently, "Scribblenauts Unlimited," which WB released in 2011. Compounding their infringements, defendants have used "Nyan Cat" and "Keyboard Cat," even identifying them by name, to promote and market their games, all without plaintiffs' permission and without any compensation to plaintiffs. Hence the instant action.

## JURISDICTION AND VENUE

7.     This action is brought, and subject matter jurisdiction lies within this Court, pursuant to 28 U.S.C. Sections 1331, 1338 and 2201. This Court has federal question jurisdiction in this matter in that plaintiffs seek relief pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* and under the Lanham Act, 15 U.S.C. § 1114 *et seq.* This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any claims arising under state law because those claims are so related to the claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. section 1332(a)(1) and (2) because the instant action is between citizens of a State and citizens or subjects of a foreign state and/or of a different State and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8.     Venue lies within this district pursuant to 28 U.S.C. sections 1391(b)(2) and (3), (c), and (d) and 1400(a) because WB resides for venue purposes and is subject to personal jurisdiction in this district; WB and, on information and belief, 5th regularly and systematically conduct business in this district and did so in connection with the acts and omissions alleged herein, and therefore, are subject to personal jurisdiction in this district; and because a substantial part of the alleged acts and omissions in creating, marketing, producing and selling the infringing game gives rise to the claims for the copyright and trademark infringements at issue herein

occurred in this district.

## THE PARTIES

9. Schmidt created and is the registered owner of the copyright in the audio-visual work entitled "Keyboard Cat," pursuant to United States Copyright Office Registration Number PA0001696099. Schmidt also owns the trademark consisting of the depiction of the only image in "Keyboard Cat," Fatso playing the electronic keyboard. He has applications pending with the United States Patent and Trademark Office to register the Fatso mark, U.S. Serial Numbers 85709355 and 85709363, including for use in digital media such as Scribblenauts. Schmidt is and at all times material herein has been a resident of the State of Washington.

10. Torres created and is the registered owner of the copyright in the electronic file entitled "Nyan Cat," pursuant to United States Copyright Office Registration Number PA0001696099. Torres owns the trademark consisting of Nyan Cat's image, and has an application pending with the United States Patent and Trademark Office to register the trademark for the image, U.S. Serial Number 85357643, including for use in software such as Scribblenauts. Torres is and at all times material herein has been a resident of the State of Texas.

11. WB is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Los Angeles County, California. WB is engaged in business in many parts of the entertainment industry, including developing, distributing and marketing computer games such as Scribblenauts.

12. 5th is a limited liability company organized and existing under the laws of the State of Delaware engaged in the business of creating and developing computer games, including the original Scribblenauts which WB released in 2009, Super Scribblenauts which WB released in 2010, Scribblenauts Remix which WB released in 2011, and Scribblenauts Unlimited, which WB released in 2012 (collectively hereinafter, "Scribblenauts"). On information and belief, 5th's offices are located in the State of Washington, but, from at least 2009 to the present, 5th's

managerial and other employees have regularly and frequently traveled to this district to work with WB on the development and marketing of the various iterations of Scribblenauts.

13. Plaintiffs sue Does 1 through 10, inclusive, herein under fictitious names. Plaintiffs do not know their true names and capacities. When plaintiffs ascertain the Doe defendants' true names and capacities, plaintiffs will amend this complaint by inserting their true names and capacities herein. On information and belief each defendant named herein as a Doe acted with the other Defendants and is responsible for the damages to plaintiffs herein alleged. Each reference in this complaint to defendants, or to any of them, also refers to all defendants sued under fictitious names.

14. On information and belief at all times material herein each of the defendants was the agent and employee of the other defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

## FIRST CLAIM FOR RELIEF

**(By Schmidt for Copyright Infringement against all defendants)**

15. Schmidt incorporates by reference as if set forth in full herein the allegations of Paragraphs 1 through 14 above.

16. Schmidt is, and at all material times hereto has been, the owner of the copyright in "Keyboard Cat" and is entitled and authorized to protect it against copyright infringement. As the owner, Schmidt secured the exclusive rights under 17 U.S.C. Section 106, among others, to prepare derivative works using "Keyboard Cat."

17. Defendants infringed, and are continuing to infringe, upon Schmidt's copyright, including by copying, reproducing, preparing, causing, contributing to, and participating in the unauthorized copying, reproduction, and use of "Keyboard Cat" and Fatso in Scribblenauts, which defendants have publicly marketed,

advertised and sold to consumers, including in the Central District of California.

18. Schmidt did not authorize defendants to copy, reproduce, perform, or use "Keyboard Cat" or Fatso's image in Scribblenauts, or at all. Defendants did not seek or obtain any permission, consent, or license from plaintiff for the copying, reproduction, performance, or use of "Keyboard Cat" or Fatso's image in Scribblenauts or for any other purpose.

19. Defendants' infringing acts alleged herein were willful, deliberate, and committed with prior notice and knowledge of Schmidt's copyright. At a minimum, defendants acted in reckless disregard of Schmidt's copyright.

20. As a result of their actions, defendants are liable to Schmidt for willful copyright infringement under 17 U.S.C. Section 501. Schmidt suffered, and will continue to suffer, substantial damage, including the value of defendants' unauthorized use, loss of other licensing opportunities, and other losses, in an amount not yet ascertained, but which will be determined according to proof. In addition to Schmidt's actual damages, Schmidt is entitled to receive all profits made by defendants from their wrongful acts, pursuant to 17 U.S.C. Section 504; and an accounting of and constructive trust over all revenues that defendants have received as a result of their wrongful acts. In the alternative, Schmidt is entitled to statutory damages pursuant to 17 U.S.C. Section 504(c), which should be enhanced by 17 U.S.C. Section 504(c)(2) because of defendants' willful copyright infringement.

21. Schmidt also is entitled to recover his attorneys' fees and costs of suit under 17 U.S.C. Section 505.

## SECOND CLAIM FOR RELIEF

**(By Torres for Copyright Infringement against all defendants)**

22. Torres incorporates by reference as if set forth in full herein the allegations of Paragraphs 1 through 21 above.

23. Torres is, and at all material times hereto has been, the owner of the copyright in "Nyan Cat" and is entitled and authorized to protect it against copyright

KING, HOLMES,
PATERNO &
BERLINER, LLP

4107.060/642728.1

6

COMPLAINT

1  infringement. As the owner, Torres secured the exclusive rights under 17 U.S.C.
2  Section 106, among others, to prepare derivative works using "Nyan Cat."
3     24.   Defendants infringed, and are continuing to infringe, upon Torres'
4  copyright, including by copying, reproducing, preparing, causing, contributing to,
5  and participating in the unauthorized copying, reproduction, and use of "Nyan Cat"
6  in Scribblenauts, which defendants have publicly marketed, advertised and sold to
7  consumers, including in the Central District of California.
8     25.   Torres did not authorize defendants to copy, reproduce, perform, or use
9  "Nyan Cat" in Scribblenauts, or at all. Defendants did not seek or obtain any
10 permission, consent, or license from plaintiff for the copying, reproduction,
11 performance, or use of "Nyan Cat" in Scribblenauts or for any other purpose.
12    26.   Defendants' infringing acts alleged herein were willful, deliberate, and
13 committed with prior notice and knowledge of Torres' copyright. At a minimum,
14 defendants acted in reckless disregard of Torres' copyright.
15    27.   As a result of their actions, defendants are liable to Torres for willful
16 copyright infringement under 17 U.S.C. Section 501. Torres suffered, and will
17 continue to suffer, substantial damage, including the value of defendants'
18 unauthorized use, loss of other licensing opportunities, and other losses, in an
19 amount not yet ascertained, but which will be determined according to proof. In
20 addition to Torres' actual damages, Torres is entitled to receive all profits made by
21 defendants from their wrongful acts, pursuant to 17 U.S.C. Section 504; and an
22 accounting of and constructive trust over all revenues that defendants have received
23 as a result of their wrongful acts. In the alternative, Torres is entitled to statutory
24 damages pursuant to 17 U.S.C. Section 504(c), which should be enhanced by 17
25 U.S.C. Section 504(c)(2) because of defendants' willful copyright infringement.
26    28.   Torres also is entitled to recover his attorneys' fees and costs of suit
27 under 17 U.S.C. Section 505.
28 ///

## THIRD CLAIM FOR RELIEF

### (By Schmidt for False Advertising -- Lanham Act, 15 U.S.C. § 1125(a) against all defendants)

29. Schmidt realleges and incorporates by reference paragraphs 1 through 28, inclusive above, as though fully set forth.

30. Schmidt is the owner of and applicant for the "Keyboard Cat" image trademark (the "Keyboard Cat Mark"), U.S. Serial Numbers 85709355 and 85709363.

31. On information and belief, defendants' use of the Keyboard Cat Mark in connection with the marketing, distribution, and sale of Scribblenauts is and was likely to, intended to, did, and will continue to confuse and mislead the public and misrepresent and create the false impression that Scribblenauts was approved, endorsed, sponsored, connected or affiliated with Schmidt.

32. Schmidt never authorized, approved, endorsed, or sponsored Scribblenauts and never authorized, approved, or consented to defendants' use of the Keyboard Cat Mark.

33. As a direct and proximate result of defendants' conduct, Schmidt has been damaged and will continue to be damaged in an amount to be proven at trial.

34. Pursuant to 15 U.S.C. § 1117(a), Schmidt is entitled to an Order: (a) requiring defendants to account for and pay to Schmidt all profits derived by defendants from their conduct alleged herein, to be increased according to applicable provisions of law, and (b) awarding all damages sustained by Schmidt and caused by defendants.

35. Defendants' conduct alleged herein was intentional, egregious, and without foundation in law and, therefore, under 15 U.S.C. § 1117(a) Schmidt is entitled to an award of treble damages against defendants, and each of them.

36. Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), thereby entitling Schmidt to an award of reasonable attorneys' fees.

# FOURTH CLAIM FOR RELIEF

## (By Torres for False Advertising -- Lanham Act, 15 U.S.C. § 1125(a) against all defendants)

37. Torres realleges and incorporates by reference paragraphs 1 through 36 inclusive above, as though fully set forth.

38. Torres is the owner of and applicant for the "Nyan Cat" image trademark, U.S. Serial Number 85357643 (the "Nyan Cat Mark").

39. On information and belief, defendants' use of the Nyan Cat Mark in connection with the marketing, distribution, and sale of Scribblenauts is and was likely to, intended to, did, and will continue to confuse and mislead the public and misrepresent and create the false impression that Scribblenauts was approved, endorsed, sponsored, connected or affiliated with Torres.

40. Torres never authorized, approved, endorsed, or sponsored Scribblenauts and never authorized, approved, or consented to defendants' use of the Nyan Cat Mark.

41. As a direct and proximate result of defendants' conduct, Torres has been damaged and will continue to be damaged in an amount to be proven at trial.

42. Pursuant to 15 U.S.C. § 1117(a), Torres is entitled to an Order: (a) requiring defendants to account for and pay to Torres all profits derived by defendants from their conduct alleged herein, to be increased according to applicable provisions of law, and (b) awarding all damages sustained by Torres and caused by defendants.

43. Defendants' conduct alleged herein was intentional, egregious, and without foundation in law and, therefore, under 15 U.S.C. § 1117(a) Torres is entitled to an award of treble damages against defendants, and each of them.

44. Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), thereby entitling Torres to an award of reasonable attorneys' fees.

///

## FIFTH CLAIM FOR RELIEF

### (By Schmidt Trademark Infringement—Lanham Act, 15 U.S.C. § 1114 against all defendants)

45. Schmidt realleges and incorporates by reference paragraphs 1 through 44, inclusive above, as though fully set forth.

46. Without plaintiff's permission or consent, defendants have engaged in the unauthorized use in commerce of reproductions, counterfeits, copies and/or imitations of the Keyboard Cat Mark in connection with defendants' advertising, distribution, offering for sale, and sales of Scribblenauts.

47. Defendants' unauthorized use of Schmidt's trademark in commerce on and in connection with Scribblenauts, is and was likely to cause confusion, or to cause mistake, or to deceive the public, as described above, in violation of the Lanham Act, 15 U.S.C. § 1114(1). Defendants have committed these acts with the knowledge and intent that their use of plaintiff's trademarks would cause confusion, deception, or mistake.

48. As a direct and proximate result of defendants' willful infringing conduct as described above, Schmidt has been damaged and will continue to be damaged in amounts to be proven at trial. Defendants' infringing conduct entitles Schmidt to recover his actual damages, trebled, together with defendants' profits, and his attorney fees and costs.

## SIXTH CLAIM FOR RELIEF

### (By Torres for Trademark Infringement—Lanham Act, 15 U.S.C. § 1114 against all defendants)

49. Torres realleges and incorporates by reference paragraphs 1 through 48, inclusive above, as though fully set forth.

50. Without Torres' permission or consent, defendants have engaged in the unauthorized use in commerce of reproductions, counterfeits, copies and/or imitations of the Nyan Cat Mark in connection with defendants' advertising,

distribution, offering for sale, and sales of Scribblenauts.

51. Defendants' unauthorized use of Torres' trademark in commerce on and in connection with Scribblenauts, is and was likely to cause confusion, or to cause mistake, or to deceive the public, as described above, in violation of the Lanham Act, 15 U.S.C. § 1114(1). Defendants have committed these acts with the knowledge and intent that their use of Torres' trademark would cause confusion, deception, or mistake.

52. As a direct and proximate result of defendants' willful infringing conduct as described above, Torres has been damaged and will continue to be damaged in amounts to be proven at trial. Defendants' infringing conduct entitles Torres to recover his actual damages, trebled, together with defendants' profits, and his attorney fees and costs.

## SEVENTH CLAIM FOR RELIEF

**(By Schmidt for Unfair Competition, California Bus.& Prof. Code § 17200 et seq., against all defendants)**

53. Schmidt realleges and incorporates by reference paragraphs 1 through 52, inclusive above, as though fully set forth.

54. Defendants' wrongful acts described herein constitute unlawful, unfair, and fraudulent business practices and misleading advertising under California Business &Professions Code § 17200 *et seq*.

55. Schmidt has been damaged and will continue to be damaged by defendants' unlawful, unfair, and fraudulent business practices and misleading advertising, as described above.

56. Schmidt is entitled to an injunction prohibiting defendants from continuing the practices described above, and to restitution of all amounts acquired by defendants by means of their acts of unfair competition.

///
///

## EIGHTH CLAIM FOR RELIEF

### (By Torres for Unfair Competition, California Bus.& Prof. Code § 17200 et seq., against all defendants)

57. Torres realleges and incorporates by reference paragraphs 1 through 56, inclusive above, as though fully set forth.

58. Defendants' wrongful acts described herein constitute unlawful, unfair, and fraudulent business practices and misleading advertising under California Business &Professions Code § 17200 *et seq.*

59. Torres has been damaged and will continue to be damaged by defendants' unlawful, unfair, and fraudulent business practices and misleading advertising, as described above.

60. Torres is entitled to an injunction prohibiting defendants from continuing the practices described above, and to restitution of all amounts acquired by defendants by means of their acts of unfair competition.

## NINTH CLAIM FOR RELIEF

### (For an Accounting against all defendants)

61. Plaintiffs reallege and incorporate by reference paragraphs 1 through 60, inclusive above, as though fully set forth.

62. Plaintiffs are entitled to recover as damages and restitution profits derived by defendants from their sale and exploitation of Scribblenauts, and from their wrongful uses of the Keyboard Cat and Nyan Cat Marks. The exact amounts due are unknown and cannot be ascertained without an accounting of defendants' financial records. Plaintiffs seek an accounting in order to determine the precise amount of defendants' profits or other ill-gotten gains, and the amounts of royalties due to plaintiffs.

WHEREFORE, plaintiffs pray for judgment, as follows:

1. For damages according to proof, plus interest at the legal rate;
2. For temporary, preliminary and permanent injunctive relief enjoining

defendants from manufacturing, distributing, marketing, promoting or selling Scribblenauts or any future iteration of Scribblenauts with plaintiffs' copyrighted material and trademarks;

    3. For an accounting;

    4. For a constructive trust;

    5. For treble damages;

    6. For punitive damages;

    7. For costs and attorney fees incurred herein; and

    8. For such other and further relief as the Court deems just and proper.

DATED: April 22, 2013

KING, HOLMES, PATERNO & BERLINER, LLP

By: _____
STEPHEN D. ROTHSCHILD
Attorneys for Plaintiffs Charles Schmidt and Christopher Orlando Torres

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

DATED: April 22, 2013

KING, HOLMES, PATERNO & BERLINER, LLP

By: /s/ Stephen D. Rothschild

STEPHEN D. ROTHSCHILD
Attorneys for Plaintiffs Charles Schmidt and Christopher Orlando Torres

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

### CV13- 2824 JFW (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] Western Division | [ ] Southern Division | [ ] Eastern Division |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

King, Holmes, Paterno & Berliner, LLP
Howard E. King, Esq. (SBN: 77012)
Stephen D. Rothschild, Esq. (SBN: 132514)
1900 Avenue of the Stars, 25th Floor,
Los Angeles, CA 90067
(310) 282-8989

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES L. SCHMIDT, an individual; CHRISTOPHER ORLANDO TORRES, an individual, <br><br> PLAINTIFF(S) <br> v. <br><br> WARNER BROS. ENTERTAINMENT, INC., a Delaware corporation; 5TH CELL MEDIA, LLC, a Delaware limited liability company, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV13-02824-JFW (MRWx) <br><br> SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Stephen D. Rothschild, Esq._____, whose address is _1900 Avenue of the Stars, 25th Floor, Los Angeles, CA 90067_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __APR 2 2 2013__    By: _____
                                Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)                                   SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS (Check box if you are representing yourself ☐) |
|---|---|
| CHARLES L. SCHMIDT, an individual; CHRISTOPHER ORLANDO TORRES, an individual, | WARNER BROS. ENTERTAINMENT, INC., a Delaware corporation; 5TH CELL MEDIA, LLC, a Delaware limited liability company, |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>King, Holmes, Paterno & Berliner, LLP<br>Howard E. King, Esq. (SBN: 77012); Stephen D. Rothschild, Esq. (SBN: 132514)<br>1900 Avenue of the Stars, 25th Floor, Los Angeles, CA 90067<br>(310) 282-8989 | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright Infringement, 17 U.S.C. § 101 et seq.; Trademark Infringement, 15 U.S.C. §§ 1125(a) and 1114; and an Accounting.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:**<br>☐ 463 Alien Detainee | ☒ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 510 Motions to Vacate Sentence | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY**<br>☐ 310 Airplane | ☐ 370 Other Fraud | **Other:**<br>☐ 540 Mandamus/Other | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | **FORFEITURE/PENALTY** | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 210 Land Condemnation | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: CV13-02824

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)   CIVIL COVER SHEET   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Texas, Washington State |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | Washington State |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _[signature]_   DATE: April 22, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |