COPY

KING, HOLMES, PATERNO & BERLINER, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
ROTHSCHILD@KHPBLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE: (310) 282-8903

Attorneys for Plaintiffs Charles Schmidt and Christopher Orlando Torres

FILED
CLERK, U.S. DISTRICT COURT
MAY - 3 2013
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

CHARLES L. SCHMIDT, an individual; CHRISTOPHER ORLANDO TORRES, an individual,

Plaintiffs,

vs.

WARNER BROS. ENTERTAINMENT, INC., a Delaware corporation; 5TH CELL MEDIA, LLC, a Delaware limited liability company,

Defendants.

CASE NO. CV13-02824 JFW(MRWx)

**FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, FALSE ADVERTISING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION and ACCOUNTINGS**

**DEMAND FOR JURY TRIAL**

Plaintiffs Charles L. Schmidt ("Schmidt") and Christopher Orlando Torres ("Torres") (collectively, "plaintiffs"), hereby allege as follows:

**BACKGROUND OF THIS ACTION**

1. This case is to remedy defendants Warner Bros. Entertainment, Inc. ("WB") and 5th Cell Media, LLC's ("5th") willful infringements of plaintiffs' copyrights and trademarks in the memes "Keyboard Cat" and "Nyan Cat." "Keyboard Cat" and "Nyan Cat" are known and enjoyed by tens of millions of people. That popularity makes them extremely valuable for commercial uses. Unlike WB and 5th, many other companies, respecting plaintiffs' intellectual property rights, regularly pay substantial license fees to use plaintiffs' memes

commercially.

2. A meme is a communication of ideas or information and can be in virtually any format--words, an image, a design, a video, a cartoon, or anything else through which information can be communicated. Frequently memes consist of copyrightable creative works or trademarks. Successful memes "go viral" and can reach hundreds of millions of consumers and become sought-after marketing tools. "Keyboard Cat" and "Nyan Cat" are among the best-known examples.

3. "Keyboard Cat" is a video of Schmidt's cat, Fatso, wearing a shirt and sitting upright with its paws on the keys of an electric keyboard, which Schmidt manipulated to make Fatso appear to be playing a tune. Among other accolades, "Keyboard Cat" is number two on Current TV's "50 Greatest Viral Videos" list. Schmidt created and owns the copyright to "Keyboard Cat" and the trademark consisting of the words "Keyboard Cat." "Keyboard Cat" was one of the first memes to become a widespread internet viral phenomenon and still is wildly popular, most recently featured in a national Starburst candy television and online marketing and advertising campaign.

4. "Nyan Cat" is a cartoon. Nyan Cat, a character with a cat's face and a body resembling a horizontal breakfast bar with pink frosting sprinkled with light red dots, flies across the screen, leaving a stream of exhaust in the form of a bright rainbow in its wake. Torres created and owns the copyright to "Nyan Cat" and the trademarks consisting of Nyan Cat's name and image. "Nyan Cat" was the fifth most-watched video on YouTube.com in 2011, and won the "Meme of the Year" award at the prestigious 2012 Webbys.

5. The "WB" logo also is a meme, even though it is only two letters inside the outline of a shield. Of course, WB employs an army of lawyers who use trademark and copyright law to zealously protect its intellectual property, including its logo.

6. Yet, WB, along with game developer 5th, have knowingly and

intentionally infringed plaintiffs' copyrights and trademarks by using Nyan Cat in its "Scribblenauts Unlimited" game released in or about January 2012, and the words "Keyboard Cat" and Fatso's image in successive, different versions of WB's top selling "Scribblenauts" games, including, most recently, "Scribblenauts Unlimited." Compounding their infringements, defendants have used Nyan Cat and Keyboard Cat, even identifying them by name, to promote and market "Scribblenauts Unlimited," all without plaintiffs' permission and without any compensation to plaintiffs. Hence the instant action.

## JURISDICTION AND VENUE

7. This action is brought, and subject matter jurisdiction lies within this Court, pursuant to 28 U.S.C. Sections 1331, 1338 and 2201. This Court has federal question jurisdiction in this matter in that plaintiffs seek relief pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* and under the Lanham Act, 15 U.S.C. § 1114 *et seq.* This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any claims arising under state law because those claims are so related to the claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue lies within this district pursuant to 28 U.S.C. sections 1391(b)(2) and (3), (c), and (d) and 1400(a) because WB resides for venue purposes and is subject to personal jurisdiction in this district; WB and, on information and belief, 5th regularly and systematically conduct business in this district and did so in connection with the acts and omissions alleged herein, and therefore, are subject to personal jurisdiction in this district; and because a substantial part of the alleged acts and omissions in creating, marketing, producing and selling the infringing game gives rise to the claims for the copyright and trademark infringements and unfair business practices at issue herein occurred in this district.

## THE PARTIES

9. Schmidt created and is the registered owner of the copyright in the audio-visual work entitled "Keyboard Cat," pursuant to United States Copyright Office Registration Number PA0001696099, registered on September 22, 2010. Schmidt also owns the trademark consisting of the words "Keyboard Cat" (the "Keyboard Cat Mark"). He has applications pending with the United States Patent and Trademark Office to register the Keyboard Cat Mark, U.S. Serial Numbers 85709355 and 85709363, including for use in digital media such as the different Scribblenauts games. Schmidt is and at all times material herein has been a resident of the State of Washington.

10. Torres created and is the registered owner of the copyright in the electronic file entitled "Nyan Cat," pursuant to United States Copyright Office Registration Number VAu001063390, registered on April 16, 2011. Torres owns trademarks consisting of Nyan Cat's name and image (the "Nyan Cat Marks"), and has applications pending with the United States Patent and Trademark Office to register the trademark for the name, U.S. Serial Number 85357643, and the image, U.S. Serial Numbers 85576372 and 85576370, including for use in software such as "Scribblenauts Unlimited." Torres is and at all times material herein has been a resident of the State of Texas.

11. WB is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Los Angeles County, California. WB is engaged in business in many parts of the entertainment industry, including developing, distributing and marketing computer games such as the Scribblenauts games.

12. 5th is a limited liability company organized and existing under the laws of the State of Delaware engaged in the business of creating and developing computer games, including "Scribblenauts," which WB released in or about September 2009, "Super Scribblenauts," which WB released in or about October

2010, "Scribblenauts Remix," which WB released in or about October 2011, and "Scribblenauts Unlimited," which WB released in or about November 2012. On information and belief, 5th's offices are located in the State of Washington, but, from at least 2009 to the present, 5th's managerial and other employees have regularly and frequently traveled to this district to work with WB on the development and marketing of the various iterations of Scribblenauts.

13. Plaintiffs sue Does 1 through 10, inclusive, herein under fictitious names. Plaintiffs do not know their true names and capacities. When plaintiffs ascertain the Doe defendants' true names and capacities, plaintiffs will amend this complaint by inserting their true names and capacities herein. On information and belief each defendant named herein as a Doe acted with the other Defendants and is responsible for the damages to plaintiffs herein alleged. Each reference in this complaint to defendants, or to any of them, also refers to all defendants sued under fictitious names.

14. On information and belief at all times material herein each of the defendants was the agent and employee of the other defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

## FIRST CLAIM FOR RELIEF

**(By Schmidt for Copyright Infringement against all Defendants)**

15. Schmidt incorporates by reference as if set forth in full herein the allegations of Paragraphs 1 through 14 above.

16. Schmidt is, and at all material times hereto has been, the owner of the copyright in "Keyboard Cat" and is entitled and authorized to protect it against copyright infringement. As the owner, Schmidt secured the exclusive rights under 17 U.S.C. Section 106, among others, to prepare derivative works using "Keyboard Cat."

17. Defendants infringed, and are continuing to infringe, upon Schmidt's

copyright, including by copying, reproducing, preparing, causing, contributing to, and participating in the unauthorized copying, reproduction, and use of Keyboard Cat and Fatso in "Super Scribblenauts," "Scribblenauts Remix," and "Scribblenauts Unlimited," which defendants have publicly marketed, advertised and sold to consumers, including in the Central District of California.

18. Schmidt did not authorize defendants to copy, reproduce, perform, or use Keyboard Cat or Fatso's image in any Scribblenauts game, or at all. Defendants did not seek or obtain any permission, consent, or license from plaintiff for the copying, reproduction, performance, or use of Keyboard Cat or Fatso's image in any Scribblenauts game, or for any other purpose.

19. Defendants' infringing acts alleged herein were willful, deliberate, and committed with prior notice and knowledge of Schmidt's copyright. At a minimum, defendants acted in reckless disregard of Schmidt's copyright.

20. As a result of their actions, defendants are liable to Schmidt for willful copyright infringement under 17 U.S.C. Section 501. Schmidt suffered, and will continue to suffer, substantial damage, including the value of defendants' unauthorized use, loss of other licensing opportunities, and other losses, in an amount not yet ascertained, but which will be determined according to proof. In addition to Schmidt's actual damages, Schmidt is entitled to receive all profits made by defendants from their wrongful acts, pursuant to 17 U.S.C. Section 504; and an accounting of and constructive trust overall revenues that defendants have received as a result of their wrongful acts. In the alternative, Schmidt is entitled to statutory damages pursuant to 17 U.S.C. Section 504(c), which should be enhanced by 17 U.S.C. Section 504(c)(2) because of defendants' willful copyright infringement.

21. Schmidt also is entitled to recover his attorneys' fees and costs of suit under 17 U.S.C. Section 505.

///

///

## SECOND CLAIM FOR RELIEF

**(By Torres for Copyright Infringement against all Defendants)**

22. Torres incorporates by reference as if set forth in full herein the allegations of Paragraphs 1 through 21 above.

23. Torres is, and at all material times hereto has been, the owner of the copyright in "Nyan Cat" and is entitled and authorized to protect it against copyright infringement. As the owner, Torres secured the exclusive rights under 17 U.S.C. Section 106, among others, to prepare derivative works using "Nyan Cat."

24. Defendants infringed, and are continuing to infringe, upon Torres' copyright, including by copying, reproducing, preparing, causing, contributing to, and participating in the unauthorized copying, reproduction, and use of Nyan Cat in "Scribblenauts Unlimited," which defendants have publicly marketed, advertised and sold to consumers, including in the Central District of California.

25. Torres did not authorize defendants to copy, reproduce, perform, or use Nyan Cat in "Scribblenauts Unlimited," or at all. Defendants did not seek or obtain any permission, consent, or license from plaintiff for the copying, reproduction, performance, or use of Nyan Cat in "Scribblenauts Unlimited" or for any other purpose.

26. Defendants' infringing acts alleged herein were willful, deliberate, and committed with prior notice and knowledge of Torres' copyright. At a minimum, defendants acted in reckless disregard of Torres' copyright.

27. As a result of their actions, defendants are liable to Torres for willful copyright infringement under 17 U.S.C. Section 501. Torres suffered, and will continue to suffer, substantial damage, including the value of defendants' unauthorized use, loss of other licensing opportunities, and other losses, in an amount not yet ascertained, but which will be determined according to proof. In addition to Torres' actual damages, Torres is entitled to receive all profits made by defendants from their wrongful acts, pursuant to 17 U.S.C. Section 504; and an

accounting of and constructive trust overall revenues that defendants have received as a result of their wrongful acts. In the alternative, Torres is entitled to statutory damages pursuant to 17 U.S.C. Section 504(c), which should be enhanced by 17 U.S.C. Section 504(c)(2) because of defendants' willful copyright infringement.

28. Torres also is entitled to recover his attorneys' fees and costs of suit under 17 U.S.C. Section 505.

**THIRD CLAIM FOR RELIEF**

**(By Schmidt for False Advertising -- Lanham Act, 15 U.S.C. § 1125(a) against all Defendants)**

29. Schmidt realleges and incorporates by reference paragraphs 1 through 28, inclusive above, as though fully set forth.

30. Schmidt is the owner of and applicant for Federal registration of the Keyboard Cat Mark.

31. On information and belief, defendants' use of the Keyboard Cat Mark in connection with the marketing, distribution, and sale of each of the Scribblenauts games is and was likely to, intended to, did, and will continue to confuse and mislead the public and misrepresent and create the false impression that the Scribblenauts games were approved, endorsed, sponsored, connected or affiliated with Schmidt.

32. Schmidt never authorized, approved, endorsed, or sponsored any Scribblenauts game and never authorized, approved, or consented to defendants' use of the Keyboard Cat Mark.

33. As a direct and proximate result of defendants' conduct, Schmidt has been damaged and will continue to be damaged in an amount to be proven at trial.

34. Pursuant to 15 U.S.C. § 1117(a), Schmidt is entitled to an Order: (a) requiring defendants to account for and pay to Schmidt all profits derived by defendants from their conduct alleged herein, to be increased according to applicable provisions of law, and (b) awarding all damages sustained by Schmidt

and caused by defendants.

35. Defendants' conduct alleged herein was intentional, egregious, and without foundation in law and, therefore, under 15 U.S.C. § 1117(a) Schmidt is entitled to an award of treble damages against defendants, and each of them.

36. Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), thereby entitling Schmidt to an award of reasonable attorneys' fees.

**FOURTH CLAIM FOR RELIEF**

**(By Torres for False Advertising -- Lanham Act, 15 U.S.C. § 1125(a) against all Defendants)**

37. Torres realleges and incorporates by reference paragraphs 1 through 36 inclusive above, as though fully set forth.

38. Torres is the owner of and applicant for the Nyan Cat Marks.

39. On information and belief, defendants' use of the Nyan Cat Marks in connection with the marketing, distribution, and sale of "Scribblenauts Unlimited" is and was likely to, intended to, did, and will continue to confuse and mislead the public and misrepresent and create the false impression that "Scribblenauts Unlimited" was approved, endorsed, sponsored, connected or affiliated with Torres.

40. Torres never authorized, approved, endorsed, or sponsored "Scribblenauts Unlimited" and never authorized, approved, or consented to defendants' use of the Nyan Cat Marks.

41. As a direct and proximate result of defendants' conduct, Torres has been damaged and will continue to be damaged in an amount to be proven at trial.

42. Pursuant to 15 U.S.C. § 1117(a), Torres is entitled to an Order: (a) requiring defendants to account for and pay to Torres all profits derived by defendants from their conduct alleged herein, to be increased according to applicable provisions of law, and (b) awarding all damages sustained by Torres and caused by defendants.

43. Defendants' conduct alleged herein was intentional, egregious, and

without foundation in law and, therefore, under 15 U.S.C. § 1117(a) Torres is entitled to an award of treble damages against defendants, and each of them.

44. Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), thereby entitling Torres to an award of reasonable attorneys' fees.

**FIFTH CLAIM FOR RELIEF**

**(By Schmidt for Trademark Infringement—Lanham Act, 15 U.S.C. § 1125(a) against all Defendants)**

45. Schmidt realleges and incorporates by reference paragraphs 1 through 44, inclusive above, as though fully set forth.

46. Without Schmidt's permission or consent, defendants have engaged in the unauthorized use in commerce of reproductions, counterfeits, copies and/or imitations of the Keyboard Cat Mark in connection with defendants' advertising, distribution, offering for sale, and sales of the Scribblenauts games.

47. Defendants' unauthorized use of Schmidt's trademark in commerce on and in connection with the Scribblenauts games, is and was likely to cause confusion, or to cause mistake, or to deceive the public, as described above, in violation of the Lanham Act, 15 U.S.C. § 1125(a). Defendants have committed these acts with the knowledge and intent that their use of plaintiff's trademark would cause confusion, deception, or mistake.

48. As a direct and proximate result of defendants' willful infringing conduct as described above, Schmidt has been damaged and will continue to be damaged in amounts to be proven at trial. Defendants' infringing conduct entitles Schmidt to recover his actual damages, trebled, together with defendants' profits, and his attorney fees and costs.

///

///

///

///

**SIXTH CLAIM FOR RELIEF**

**(By Torres for Trademark Infringement—Lanham Act, 15 U.S.C. § 1125(a) against all Defendants)**

49. Torres realleges and incorporates by reference paragraphs 1 through 48, inclusive above, as though fully set forth.

50. Without Torres' permission or consent, defendants have engaged in the unauthorized use in commerce of reproductions, counterfeits, copies and/or imitations of the Nyan Cat Marks in connection with defendants' advertising, distribution, offering for sale, and sales of "Scribblenauts Unlimited."

51. Defendants' unauthorized use of Torres' trademarks in commerce on and in connection with "Scribblenauts Unlimited" is and was likely to cause confusion, or to cause mistake, or to deceive the public, as described above, in violation of the Lanham Act, 15 U.S.C. § 1125(a). Defendants have committed these acts with the knowledge and intent that their use of Torres' trademarks would cause confusion, deception, or mistake.

52. As a direct and proximate result of defendants' willful infringing conduct as described above, Torres has been damaged and will continue to be damaged in amounts to be proven at trial. Defendants' infringing conduct entitles Torres to recover his actual damages, trebled, together with defendants' profits, and his attorney fees and costs.

**SEVENTH CLAIM FOR RELIEF**

**(By Schmidt for Unfair Competition, California Bus.& Prof. Code § 17200 et seq., against all Defendants)**

53. Schmidt realleges and incorporates by reference paragraphs 1 through 52, inclusive above, as though fully set forth.

54. Defendants' wrongful acts described herein constitute unlawful, unfair, and fraudulent business practices and misleading advertising under California Business &Professions Code § 17200 *et seq*.

55. Schmidt has been damaged and will continue to be damaged by defendants' unlawful, unfair, and fraudulent business practices and misleading advertising, as described above.

56. Schmidt is entitled to an injunction prohibiting defendants from continuing the practices described above, and to restitution of all amounts acquired by defendants by means of their acts of unfair competition.

**EIGHTH CLAIM FOR RELIEF**

**(By Torres for Unfair Competition, California Bus.& Prof. Code § 17200 et seq., against all Defendants)**

57. Torres realleges and incorporates by reference paragraphs 1 through 56, inclusive above, as though fully set forth.

58. Defendants' wrongful acts described herein constitute unlawful, unfair, and fraudulent business practices and misleading advertising under California Business &Professions Code § 17200 *et seq*.

59. Torres has been damaged and will continue to be damaged by defendants' unlawful, unfair, and fraudulent business practices and misleading advertising, as described above.

60. Torres is entitled to an injunction prohibiting defendants from continuing the practices described above, and to restitution of all amounts acquired by defendants by means of their acts of unfair competition.

**NINTH CLAIM FOR RELIEF**

**(By Schmidt for an Accounting against all Defendants)**

61. Plaintiffs reallege and incorporate by reference paragraphs 1 through 60, inclusive above, as though fully set forth.

62. Schmidt is entitled to recover as damages and restitution profits derived by defendants from their sale and exploitation of "Scribblenauts," "Super Scribblenauts," "Scribblenauts Remix," and "Scribblenauts Unlimited." The exact amounts due are unknown and cannot be ascertained without an accounting of

defendants' financial records. Schmidt seeks an accounting in order to determine the precise amount of defendants' profits or other ill-gotten gains, and the amounts of royalties due to him.

**TENTH CLAIM FOR RELIEF**

**(By Torres for an Accounting against all defendants)**

63. Plaintiffs reallege and incorporate by reference paragraphs 1 through 62, inclusive above, as though fully set forth.

64. Torres is entitled to recover as damages and restitution profits derived by defendants from their sale and exploitation of "Scribblenauts Unlimited", and from their wrongful uses of the Nyan Cat Marks. The exact amounts due are unknown and cannot be ascertained without an accounting of defendants' financial records. Torres seeks an accounting in order to determine the precise amount of defendants' profits or other ill-gotten gains, and the amounts of royalties due to him.

WHEREFORE, plaintiffs pray for judgment, as follows:

1. For damages according to proof, plus interest at the legal rate;

2. For temporary, preliminary and permanent injunctive relief enjoining defendants from manufacturing, distributing, marketing, promoting or selling Scribblenauts games with plaintiffs' copyrighted material and trademarks;

3. For an accounting;

4. For a constructive trust;

5. For treble damages;

///

///

///

///

///

///

///

/ / /

/ / /

/ / /

6. For punitive damages;

7. For costs and attorney fees incurred herein; and

8. For such other and further relief as the Court deems just and proper.

DATED: May 3, 2013

KING, HOLMES, PATERNO & BERLINER, LLP

By: [signature]
STEPHEN D. ROTHSCHILD
Attorneys for Plaintiffs Charles Schmidt and Christopher Orlando Torres

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

DATED: May 3, 2013

KING, HOLMES, PATERNO & BERLINER, LLP

By: [signature]

STEPHEN D. ROTHSCHILD
Attorneys for Plaintiffs Charles Schmidt and Christopher Orlando Torres