| | |
|---|---|
| 1 | Matthew J. Herrington (*Pro Hac Vice* appl. pending) |
| | mherring@steptoe.com |
| 2 | Matthew R. Mazgaj (*Pro Hac Vice* appl. pending) |
| | mmazgaj@steptoe.com |
| 3 | STEPTOE & JOHNSON LLP |
| | 1330 Connecticut Avenue, NW |
| 4 | Washington, DC  20036 |
| | Telephone: (202) 429-8164 |
| 5 | Facsimile:  (202) 429-3902 |
| 6 | Mark A. Neubauer (SBN 73728) |
| | mneubauer@steptoe.com |
| 7 | STEPTOE & JOHNSON LLP |
| | 2121 Avenue of the Stars, Suite 2800 |
| 8 | Los Angeles, California 90067-5052 |
| | Telephone:  (310) 734-3200 |
| 9 | Facsimile:(310) 734-3300 |
| 10 | |
| 11 | Attorneys for Defendants WARNER BROS. |
| | HOME ENTERTAINMENT INC. |
| 12 | and 5TH CELL MEDIA, LLC |
| 13 | |

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | | |
|---|---|---|
| 17 | CHARLES L. SCHMIDT, an individual; CHRISTOPHER ORLANDO TORRES, an individual, | Case No.: CV13-02824-JFW(MRWx) |
| 18 | | Assigned to the Hon. John F. Walter, Courtroom 16 |
| 19 | Plaintiffs, | |
| 20 | | **ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS WARNER BROS. HOME ENTERTAINMENT INC. ERRONEOUSLY SUED AS WARNER BROS. ENTERTAINMENT, INC. AND 5TH CELL MEDIA, LLC;** |
| 21 | vs. | |
| 22 | WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; 5TH CELL MEDIA, LLC, a Delaware limited liability company, | |
| 23 | | |
| 24 | | |
| 25 | Defendants. | **DEMAND FOR JURY TRIAL** |
| 26 | | |
| 27 | | Complaint filed:     April 22, 2013 |
| 28 | | Pretrial Conference: Not Set |
| | | Trial Date:          Not Set |

Doc. # DC-8182770

# ANSWER

Defendant Warner Bros. Home Entertainment Inc. erroneously sued as Warner Bros. Entertainment, Inc. ("Warner Bros.") and Defendant 5th Cell Media, LLC ("5th Cell") (collectively "Defendants") hereby answer the allegations in the First Amended Complaint ("the Complaint") as follows:

## BACKGROUND OF THIS ACTION

1.  Answering the allegations of Paragraph 1 of the Complaint, Defendants generally and specifically deny each and every one of those allegations, express or implied.

2.  Answering the allegations of Paragraph 2 of the Complaint, Defendants admit that a meme is a communication of ideas or information and that, if successful, can "go viral." Except as admitted, Defendants generally and specifically deny each and every of remaining allegations, express or implied.

3.  Answering the allegations of Paragraph 3 of the Complaint, Defendants admit that the meme "Keyboard Cat" is a video of a cat wearing a shirt and playing an electric keyboard. Defendants lack sufficient information or belief in which to answer whether "Keyboard Cat:" is number two on Current TV's "50 Greatest Viral Videos" list, or was part of a Starburst candy television online marketing and advertising campaign. As to all other allegations in Paragraph 3 of the Complaint, Defendants generally and specifically deny each and every one of those allegations, express or implied.

4.  Answering the allegations in Paragraph 4 of the Complaint, Defendants admit that "Nyan Cat" is a cartoon of a cat face and legs on a pop-tart body with a rainbow exhaust. Defendants lack sufficient information or belief in which to admit or deny whether Nyan Cat was named meme of the year at the Webbys in 2012 and is noted as the fifth most-watched video on YouTube.com in 2011 and on that basis denies such allegations. As to all other allegations in

Paragraph 4 of the Complaint, Defendants generally and specifically deny each and every one of those allegations, express or implied.

5. Answering the allegations in Paragraph 5 of the Complaint, Defendants allege that the "WB" logo is a registered trademark the rights of which are protected by the owner and licensees as provided for in the law. Except as expressly admitted or alleged, Defendants deny generally and specifically the allegations of this paragraph.

6. Answering the allegations in Paragraph 6 of the Complaint, Defendants generally and specifically deny each and every one of those allegations, express or implied.

## JURISDICTION AND VENUE

7. Answering the allegations in Paragraph 7 of the Complaint, Defendants admit that this Court has federal question jurisdiction over this lawsuit and supplemental jurisdiction over state law claims in this matter.

8. Answering the allegations in Paragraph 8 of the Complaint, Defendants admit that Venue in this court is appropriate.

## THE PARTIES

9. Answering the allegations in Paragraph 9 of the Complaint, Defendants admit that Schmidt has applications pending with the U.S. Patent Office, U.S. Serial Numbers 85709355 and 85709363. As to the other allegations in Paragraph 10 of the Complaint, Defendants lack sufficient information or belief to admit or deny those allegations and deny them on those grounds.

10. Answering the allegations of Paragraph 10 of the Complaint, Defendants admit that Torres has applications pending with the U.S. Patent and Trademark Office, U.S. Serial Numbers 85357643, 85576372 and 85573670. Defendants lack sufficient information or belief to admit or deny whether Plaintiff Torres is and at all times material herein has been a resident of the State of Texas.

Doc. # DC-8182770

As to all other allegations in Paragraph 10 of the Complaint, Defendants generally and specifically deny each and every one of those allegations, express or implied.

11. Answering the allegations in Paragraph 11 of the Complaint, Defendants allege that defendant Warner Bros. Home Entertainment Inc. erroneously sued and served as Warner Bros. Entertainment, Inc., is a corporation organized under the laws of the State of Delaware with its principal place of business in Los Angeles, California Defendants admit Warner Bros. Home Entertainment Inc. is engaged in business in many parts of the entertainment industry, including developing, distributing and marketing games such as the Scribblenauts games.

12. Answering the allegations in Paragraph 12 of the Complaint, Defendants admit the allegations.

13. Answering the allegations of Paragraph 13 of the Complaint, Defendants lack sufficient information or belief in which to admit or deny those allegations and deny them on those grounds.

14. Answering the allegations of Paragraph 14 of the Complaint, Defendants lack sufficient information or belief in which to admit or deny those allegations and deny them on those grounds.

## ANSWER TO FIRST CLAIM FOR RELIEF
**(By Schmidt for Copyright Infringement against all defendants)**

15. Answering the allegations of Paragraph 15 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 14, inclusive, of the Complaint as fully set forth herein.

16. Answering the allegations of Paragraph 16 of the Complaint, Defendants generally and specifically deny each and every one of those allegations, express or implied.

Doc. # DC-8182770

1   17.  Answering the allegations of Paragraph 17 of the Complaint, Defendants generally and specifically deny each and every one of those allegations, express or implied.

4   18.  Answering the allegations of Paragraph 18 of the Complaint, Defendants admit they received what they understood to be permission, consent and a license to copy, reproduce, perform or use a meme called "Keyboard Cat." As to all other allegations in Paragraph 10 of the Complaint, Defendants lack sufficient information or belief in which to admit or deny those allegations and deny them on those grounds.

10   19.  Answering the allegations of Paragraph 19 of the Complaint, Defendants generally and specifically deny each and every one of those allegations, express or implied.

13   20.  Answering the allegations of Paragraph 20 of the Complaint, Defendants generally and specifically deny each and every one of those allegations, express or implied; further specifically deny that Plaintiffs are entitled to any relief whatsoever.

17   21.  Answering the allegations of Paragraph 21 of the Complaint, Defendants generally and specifically deny each and every one of those allegations, express or implied; further specifically deny that Plaintiffs are entitled to any relief whatsoever.

**ANSWER TO SECOND CLAIM FOR RELIEF**

**(By Torres for Copyright Infringement against all defendants)**

23   22.  Answering the allegations of Paragraph 22 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 21, inclusive, of the Complaint as fully set forth herein.

26   23.  Answering the allegations of Paragraph 23 of the Complaint, Defendants lack sufficient information or belief in which to admit or deny those allegations and deny them on those grounds.

1  24. Answering the allegations of Paragraph 24 of the Complaint,
2  Defendants generally and specifically deny each and every one of those
3  allegations, express or implied.
4  25. Answering the allegations of Paragraph 25 of the Complaint,
5  Defendants generally and specifically deny each and every one of those
6  allegations, express or implied.
7  26. Answering the allegations of Paragraph 26 of the Complaint,
8  Defendants generally and specifically deny each and every one of those
9  allegations, express or implied.
10 27. Answering the allegations of Paragraph 27 of the Complaint,
11 Defendants generally and specifically deny each and every one of those
12 allegations, express or implied; further specifically deny that Plaintiffs are entitled
13 to any relief whatsoever.
14 28. Answering the allegations of Paragraph 28 of the Complaint,
15 Defendants generally and specifically deny each and every one of those
16 allegations, express or implied; further specifically deny that Plaintiffs are entitled
17 to any relief whatsoever.

## ANSWER TO THIRD CLAIM FOR RELIEF

**(By Schmidt for False Advertising – Lanham Act, 15 U.S.C. § 1125(a) against all defendants)**

21 29. Answering the allegations of Paragraph 29 of the Complaint,
22 Defendants incorporate by reference their answers to Paragraphs 1 through 28,
23 inclusive, of the Complaint as fully set forth herein.
24 30. Answering the allegations of Paragraph 30 of the Complaint,
25 Defendants admit Schmidt has applied for registration of a mark. As to all other
26 allegations in Paragraph 30 of the Complaint, Defendants lack sufficient
27 information or belief in which to admit or deny those allegations and deny them on
28 those grounds.

31. Answering the allegations of Paragraph 31 of the Complaint, Defendants generally and specifically deny each and every one of those allegations, express or implied.

32. Answering the allegations of Paragraph 32 of the Complaint, Defendants lack sufficient information or belief in which to admit or deny those allegations and deny them on those grounds.

33. Answering the allegations of Paragraph 33 of the Complaint, Defendants generally and specifically deny each and every one of those allegations, express or implied; further specifically deny that Plaintiffs are entitled to any relief whatsoever.

34. Answering the allegations of Paragraph 34 of the Complaint, Defendants generally and specifically deny each and every one of those allegations, express or implied; further specifically deny that Plaintiffs are entitled to any relief whatsoever.

35. Answering the allegations of Paragraph 35 of the Complaint, Defendants generally and specifically deny each and every one of those allegations, express or implied; further specifically deny that Plaintiffs are entitled to any relief whatsoever.

36. Answering the allegations of Paragraph 36 of the Complaint, Defendants generally and specifically deny each and every one of those allegations, express or implied; further specifically deny that Plaintiffs are entitled to any relief whatsoever.

**ANSWER TO FOURTH CLAIM FOR RELIEF**

**(By Torres for False Advertising – Lanham Act, 15 U.S.C. § 1125(a) against all defendants)**

37. Answering the allegations of Paragraph 37 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 36, inclusive, of the Complaint as fully set forth herein.

Doc. # DC-8182770

1    38.    Answering the allegations of Paragraph 38 of the Complaint,
2 Defendants lack sufficient information or belief in which to admit or deny those
3 allegations and deny them on those grounds.
4    39.    Answering the allegations of Paragraph 39 of the Complaint,
5 Defendants generally and specifically deny each and every one of those
6 allegations, express or implied.
7    40.    Answering the allegations of Paragraph 40 of the Complaint,
8 Defendants lack sufficient information or belief in which to admit or deny those
9 allegations and deny them on those grounds.
10    41.    Answering the allegations of Paragraph 41 of the Complaint,
11 Defendants generally and specifically deny each and every one of those
12 allegations, express or implied; further specifically deny that Plaintiff is entitled to
13 any relief whatsoever.
14    42.    Answering the allegations of Paragraph 42 of the Complaint,
15 Defendants generally and specifically deny each and every one of those
16 allegations, express or implied; further specifically deny that Plaintiff is entitled to
17 any relief whatsoever.
18    43.    Answering the allegations of Paragraph 43 of the Complaint,
19 Defendants generally and specifically deny each and every one of those
20 allegations, express or implied; further specifically deny that Plaintiff is entitled to
21 any relief whatsoever.
22    44.    Answering the allegations of Paragraph 44 of the Complaint,
23 Defendants generally and specifically deny each and every one of those
24 allegations, express or implied; further specifically deny that Plaintiff is entitled to
25 any relief whatsoever.
26 ///
27 ///
28 ///

Doc. # DC-8182770

## ANSWER TO FIFTH CLAIM FOR RELIEF

**(By Schmidt Trademark Infringement – Lanham Act, 15 U.S.C. § 1114 against all defendants)**

45. Answering the allegations of Paragraph 45 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 44, inclusive, of the Complaint as fully set forth herein.

46. Answering the allegations of Paragraph 46 of the Complaint, Defendants generally and specifically deny each and every one of those allegations, express or implied.

47. Answering the allegations of Paragraph 47 of the Complaint, Defendants generally and specifically deny that they intended or knew they would cause any confusion, deception or mistake regarding any trademark of Plaintiffs. As to all other allegations in Paragraph 47 of the Complaint, Defendants lack sufficient information or belief in which to admit or deny those allegations and deny them on those grounds.

48. Answering the allegations of Paragraph 48 of the Complaint, Defendants generally and specifically deny each and every one of those allegations, express or implied; further specifically deny that Plaintiff is entitled to any relief whatsoever.

## ANSWER TO SIXTH CLAIM FOR RELIEF

**(By Torres for Trademark Infringement – Lanham Act, 15 U.S.C. § 1114 against all defendants)**

49. Answering the allegations of Paragraph 49 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 48, inclusive, of the Complaint as fully set forth herein.

50. Answering the allegations of Paragraph 50 of the Complaint, Defendants generally and specifically deny each and every one of those allegations, express or implied.

8

1  51.  Answering the allegations of Paragraph 51 of the Complaint, Defendants generally and specifically deny each and every one of those allegations, express or implied.

52.  Answering the allegations of Paragraph 52 of the Complaint, Defendants generally and specifically deny each and every one of those allegations, express or implied; further specifically deny that Plaintiff is entitled to any relief whatsoever.

**ANSWER TO SEVENTH CLAIM FOR RELIEF**

**(By Schmidt for Unfair Competition, California Bus. & Prof. Code § 17200 et seq., against all defendants)**

53.  Answering the allegations of Paragraph 53 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 52, inclusive, of the Complaint as fully set forth herein.

54.  Answering the allegations of Paragraph 54 of the Complaint, Defendants generally and specifically deny each and every one of those allegations, express or implied.

55.  Answering the allegations of Paragraph 55 of the Complaint, Defendants generally and specifically deny each and every one of those allegations, express or implied.

56.  Answering the allegations of Paragraph 56 of the Complaint, Defendants generally and specifically deny each and every one of those allegations, express or implied; further specifically deny that Plaintiff is entitled to any relief whatsoever.

**ANSWER TO EIGHTH CLAIM FOR RELIEF**

**(By Torres for Unfair Competition, California Bus. & Prof. Code § 17200 et seq., against all defendants)**

57.  Answering the allegations of Paragraph 57 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 56,

1 inclusive, of the Complaint as fully set forth herein.

2     58. Answering the allegations of Paragraph 58 of the Complaint,
3 Defendants generally and specifically deny each and every one of those
4 allegations, express or implied.

5     59. Answering the allegations of Paragraph 59 of the Complaint,
6 Defendants generally and specifically deny each and every one of those
7 allegations, express or implied.

8     60. Answering the allegations of Paragraph 60 of the Complaint,
9 Defendants generally and specifically deny each and every one of those
10 allegations, express or implied; further specifically deny that Plaintiff is entitled to
11 any relief whatsoever.

12     **ANSWER TO NINTH CLAIM FOR RELIEF**
13     **(By Schmidt for an Accounting against all Defendants)**

14     61. Answering the allegations of Paragraph 61 of the Complaint,
15 Defendants incorporate by reference their answers to Paragraphs 1 through 60,
16 inclusive, of the Complaint as fully set forth herein.

17     62. Answering the allegations of Paragraph 62 of the Complaint,
18 Defendants generally and specifically deny each and every one of those
19 allegations, express or implied; further specifically deny that Plaintiff is entitled to
20 any relief whatsoever.

21     **ANSWER TO TENTH CLAIM FOR RELIEF**
22     **(By Torres for an Accounting against all Defendants)**

23     63. Answering the allegations of Paragraph 63 of the Complaint,
24 Defendants incorporate by reference their answers to Paragraphs 1 through 62,
25 inclusive, of the Complaint as fully set forth herein.

26     64. Answering the allegations of Paragraph 64 of the Complaint,
27 Defendants generally and specifically deny each and every one of those
28

allegations, express or implied; further specifically deny that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State Facts Sufficient to Constitute a Cause of Action)**

65. As the first separate affirmative defense to each and every cause of action alleged in the Complaint, Defendants allege that Plaintiffs fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Waiver)**

66. Plaintiffs, Schmidt and Torres each have waived each purported claim against Defendants and, as a consequence thereof, Plaintiffs are barred from seeking the relief sought or any relief whatsoever.

### THIRD AFFIRMATIVE DEFENSE

**(First Amendment)**

67. Any use of Plaintiffs' intellectual property is not actionable but protected under the First Amendment of the Constitution of the United States.

### FOURTH AFFIRMATIVE DEFENSE

**(Consent and Acquiescence)**

68. Plaintiffs' Complaint, and each purported cause of action therein, is barred because any alleged use of Plaintiffs' memes occurred with the knowledge and express or implied approval and/or consent of Plaintiffs, who acquiesced to Defendants' use.

### FIFTH AFFIRMATIVE DEFENSE

**(Laches)**

69. Plaintiffs' delay in first seeking to perfect any claim of ownership in the memes at issue by trademark registration or otherwise and then their delay in making the claims herein has operated to the detriment and prejudice of

Defendants, who reasonably relied on Plaintiffs' lack of conduct and, as a consequence thereof, Plaintiffs' rights are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE
### (Fair Use)

70. Any purported use of the Plaintiffs' alleged intellectual property by Defendants is not actionable because it amounts to fair use.

## SEVENTH AFFIRMATIVE DEFENSE
### (De Minimus)

71. Any purported use of the Plaintiffs' alleged intellectual property by Defendants is not actionable because any use by Defendants is de minimus. Any use of Plaintiffs' alleged property is so trivial as to fall below the qualitative threshold of substantial similarity required for an actionable intellectual property claim.

## EIGHTH AFFIRMATIVE DEFENSE
### (Innocent Prior Use)

72. Plaintiffs' claims are not actionable because Defendants prior use of Plaintiffs' marks preceded any filing by Plaintiffs for copyright or trademark protection.

## NINTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

73. Some of Plaintiffs' claims for damages are not actionable as they are untimely under applicable statutes of limitations. *See* 17 U.S.C. § 507(b); California Code Civil Procedure § 338.

## TENTH AFFIRMATIVE DEFENSE
### (Lack of Intent to Infringe)

74. Plaintiffs' claims are not actionable because at no point, during any alleged use of Plaintiffs' alleged intellectual property did Defendants have any intent to infringe any protected proprietary interest of either Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Violation of Public Policy)

75. To grant the relief requested by Plaintiffs would be contrary to and against public policy and, as a consequence thereof, Plaintiffs are barred from recovery herein.

## TWELFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

76. Plaintiffs' unclean hands, including their failure to timely claim any property ownership in the memes, bars any of the relief they seek herein.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

77. Plaintiffs are estopped by their conduct from any relief they seek herein.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Prior Use)

78. Plaintiffs' claims are barred by Defendants' use of the memes prior to Plaintiffs' asserting any property right in the memes.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Nominative Fair Use)

78. Plaintiffs' claims are barred by the nominative fair use doctrine.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:

1. That Plaintiffs take nothing by their Complaint;
2. That the Complaint be dismissed with prejudice;

///
///
///

Doc. # DC-8182770

3. That the Court award Defendants their costs of suit and reasonable attorneys' fees incurred in defending this Complaint.

Dated: June 19, 2013

STEPTOE & JOHNSON LLP

By: /s/ Mark A. Neubauer
Mark A. Neubauer

Attorneys for Defendants WARNER BROS. HOME ENTERTAINMENT INC, erroneously sued as WARNER BROS. ENTERTAINMENT, INC. and 5TH CELL MEDIA, LLC

14

## DEMAND FOR JURY TRIAL

Defendant Warner Bros. Home Entertainment Inc. and Defendant 5th Cell Media, LLC hereby demand a trial by jury of the within action.

Dated: June 19, 2013

STEPTOE & JOHNSON LLP

By: /s/ Mark A. Neubauer
    Mark A. Neubauer

Attorneys for Defendants WARNER BROS. HOME ENTERTAINMENT INC., erroneously sued as WARNER BROS. ENTERTAINMENT, INC. and 5TH CELL MEDIA, LLC

Doc. # DC-8182770