KING, HOLMES, PATERNO & BERLINER, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
ROTHSCHILD@KHPBLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE:  (310) 282-8903

Attorneys for Plaintiffs Charles Schmidt
and Christopher Orlando Torres

Mark A. Neubauer (SBN 73728)
mneubauer@steptoe.com
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067-5052
Telephone:  (310) 734-3200
Facsimile:(310) 734-3300

Attorneys for Defendants WARNER BROS. HOME
ENTERTAINMENT INC. and 5TH CELL MEDIA, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHARLES L. SCHMIDT, an individual; CHRISTOPHER ORLANDO TORRES, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>WARNER BROS. ENTERTAINMENT, INC., a Delaware corporation; 5TH CELL MEDIA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. CV13-02824 JFW(MRWx)<br><br>**JOINT REPORT (FRCP 26, LOCAL RULE 26)**<br><br>Hon. John F. Walter<br><br>Date:   July 29, 2013<br>Time:  8:30 a.m.<br>Ctrm:  16 |

Counsel for Plaintiffs Charles L. Schmidt ("Schmidt") and Christopher Orlando Torres ("Torres") (collectively, "plaintiffs") and counsel for Defendants Warner Bros. Home Entertainment Inc., erroneously sued as Warner Bros. Entertainment ("WB") and 5th Cell Media LLC (collectively, "Defendants") (collectively, the "Parties") have met and conferred on the subjects prescribed by this Court's June 21, 2013 Court Order (the "Order"), which includes the matters required under Rule 26(f) of the Federal Rules of Civil Procedure and Central District Local Rule 26-1. The Parties respectfully submit this Joint Report of their meeting and proposed discovery plan.

1. **Jurisdiction and Venue**. Subject matter jurisdiction lies within this Court, pursuant to 28 U.S.C. Sections 1331, 1338 and 2201. This Court has federal question jurisdiction because plaintiffs seek relief pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* and under the Lanham Act, 15 U.S.C. § 1114 *et seq.* This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any claims arising under state law because those claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Defendants have not filed counterclaims. There are no issues regarding personal jurisdiction or venue. No parties remain to be served.

2. **Chronology and Factual Issues in Dispute**.

   A. Plaintiffs' Chronology.

1984 - Schmidt creates "Keyboard Cat" video.

09/09 - WB releases "Scribblenauts" game, in which image and character of Keyboard Cat appear.

9/22/10 - Schmidt registers copyright in "Keyboard Cat" video.

10/10 - WB releases "Super Scribblenauts" game, in which image and character of Keyboard Cat appear.

4/2/11 - Torres uploads Nyan Cat to YouTube.com.

4/16/11 - Torres registers copyright in "Nyan Cat" electronic file.

KING, HOLMES, PATERNO & BERLINER, LLP

1

JOINT REPORT (FRCP 26, LOCAL RULE 26)

11/12 - WB releases "Scribblenauts Unlimited" game, in which images and characters of Keyboard Cat and Nyan Cat appear.

  B. <u>Defendants' Chronology</u>.

1984 - Schmidt films his cat Fatso appearing to play a keyboard.

2007 - Brad O'Farrell, with Schmidt's permission, creates the "Keyboard Cat" video.

June 2007 - "Keyboard Cat" video posted to YouTube.com under the title "charlie schmidt's cool cats".

June 6, 2009 - Brad O'Farrell, creator of Keyboard Cat, gives 5th Cell Media permission to use Keyboard Cat in Scribblenauts.

September 2009 - Defendants release "Scribblenauts" game.

September 22, 2009 - Schmidt files copyright registration for "Keyboard Cat" video

October 2010 - Defendants release "Super Scribblenauts" game.

April 2, 2011 - Torres allegedly uploads Nyan Cat video to YouTube.com.

April 18, 2011 - Torres files copyright registration for "Nyan Cat" electronic file.

June 28, 2011 - Torres files trademark registration for words "Nyan Cat."

March 21, 2012 - Torres files trademark registration for image of "Nyan Cat."

August 21, 2012 - Schmidt files trademark registration for the words "Keyboard Cat."

November 2012 - Defendants release "Scribblenauts Unlimited" game.

<b>Factual Issues in Dispute</b>.

<u>Plaintiffs' Statement</u>.

  a. Whether the Nyan Cat character and image appear in "Scribblenauts Unlimited."

  b. Whether the Keyboard Cat character and image appear in "Scribblenauts," "Super Scribblenauts," and/or "Scribblenauts Unlimited."

  c. Whether Defendants infringed plaintiffs' copyright and trademarks.

  d. Whether Defendants willfully infringed plaintiffs' trademarks and copyrights.

  e. Whether Defendants' use of plaintiffs' trademarks was likely or intended

to, or did or will confuse the public as to whether plaintiffs participated in and/or endorsed Defendants' games.

  f. The extent and amount of Defendants' profits attributable to their use of plaintiffs' works.

  g. The extent and amount of plaintiffs' damages.

  <u>Defendants' Statement</u>.  In addition to Plaintiffs' Issues,

  a. Whether Plaintiffs' repeated failures to protect their intellectual property rights amount to a waiver of any purported rights.

  b. Whether Defendants' use of the objects in the game is an artistic expression that is protected speech under the First Amendment of the Constitution of the United States.

  c. Whether Plaintiffs, or another qualified individual, consented, either expressly or impliedly, to Defendants' use the objects in the game.

  d. Whether Plaintiffs' delay in enforcing any rights against Defendants resulted in Defendants' detriment and prejudice.

  e. Whether Defendants' use of the objects in the Game are a commentary, satire or used for educational purposes and therefore a fair use of the objects.

  f. Whether Defendants' use of the objects is so trivial as to fall below the qualitative threshold of substantial similarity necessary to support an infringement claim.

  g. Whether Defendants' use of the objects preceded any filing by Plaintiffs' for either copyright or trademark protection.

  h. Whether Plaintiffs' claims were brought outside the applicable statute of limitations and are therefore untimely.

  i. Whether Defendants' use of the objects was done with the intent to infringe on Plaintiffs intellectual property rights.

  j. Whether Defendants have made any profit from the game, and if so, what amount of that profit, if any, is attributable to Plaintiffs' characters.

King, Holmes,
Paterno &
Berliner, LLP

JOINT REPORT (FRCP 26, LOCAL RULE 26)

      k.    Whether Defendants' use of the objects in the game results in consumer confusion.

      l.    Whether the generic nature of Defendants characters excludes their protection under intellectual property law.

      m.    What license fees have Plaintiffs charged for similar usage of their characters.

3.  **Disputed Points of Law.**

      <u>Plaintiff's Statement.</u>

      a.    Whether Nyan Cat and Keyboard Cat are sufficiently original to receive copyright protection. *Feist Publications Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 345, 111 S.Ct. 1282, 287 (1991). Plaintiffs assert they are because plaintiffs independently created them and they are creative works.

      b.    Whether Defendants' use of Nyan Cat and Keyboard Cat was so *de minimus* as to not constitute copyright infringement. Plaintiffs assert that Defendants used their characters because they are popular and in order to attract consumers and that the uses were not trivial. *Ringgold v. Black Entertainment Television, Inc.*, 126 F.3d 70, 74 (2d Cir. 1997).

      c.    Whether Defendants' uses of Nyan Cat and Keyboard Cat constituted fair use. Plaintiffs assert that Defendants' uses were not "fair uses" because they were intended to add entertainment value to Defendants' games, not to comment on plaintiffs' works. See *Louis Vuitton Malletier, S.A. v. Hyundai Moror America* (S.D.N.Y.) 2012 WL 102247.

      d.    Whether Defendants' use of plaintiffs' trademarks constituted false advertising, trademark infringement and/or unfair competition. Because defendants uses of plaintiffs' marks in marketing and promotion and in their games was unauthorized and likely and intended to, and did and will deceive the public, those uses constitute false advertising, trademark infringement, and unfair competition. 15 U.S.C. §1125(a); California Business and Professions Code § 17200.

          Defendants' Statement.

a. Whether Plaintiffs' have any protectable intellectual property interests in their Internet videos. *See Silverman v. CBS Inc.*, 870 F.2d 40, 47-48 (2d Cir. 1989).

b. Whether Defendants' use of the objects in the Game is an artistic work properly protected by the First Amendment of the Constitution of the United States. *E.S.S. Entertainment 2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1099 (9th Cir. 2008).

c. Whether Plaintiffs consented or acquiesced to Defendants use of the objects in the Scribblenauts games. *ProFitness Physical Therapy Center v. Pro-Fit Orthopedic & Sports Physical Therapy P.C.*, 314 F.3d 62, 67 (2d Cir. 2002).

d. Whether Plaintiffs claims are barred by the doctrines of latches, unclean hands or estoppel because Plaintiffs unreasonably delayed bringing their claims and that delay caused Defendants undue prejudice. *See Seller Agency Council, Inc. v. Kennedy Center for Real Estate Educ., Inc.*, 621 F.3d 981, 989-90 (9th Cir. 2010).

e. Whether the use of the objects in the Game is a permissive fair use of protectable intellectual property as a proper transformative commentary on Plaintiffs' work. 17 U.S.C. § 107; *see Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1164-65 (9th Cir. 2007).

f. Whether the inclusion of the memes in Scribblenauts is de minimis or amounts to an actionable infringement. *See Fisher v. Dees*, 794 F.2d 432, 434 n. 2 (9th Cir. 1986) ("[A] taking is considered de minimis only if it is so meager and fragmentary that the average audience would not recognize the appropriation.").

g. Whether some of Plaintiffs' claims for damages are not actionable because they are untimely under applicable statutes of limitations. *See* 17 U.S.C. § 507(b); California Code Civil Procedure §338.

h. Whether Defendants lacked the intent to infringe on Plaintiffs' intellectual property rights. If Defendants lacked such willful intent, the statutory damages available are capped at $30,000, and neither treble nor punitive damages are

available. *See* 17 U.S.C. § 504(c)(1 & 2); 15 U.S.C. § 1117(b); Cal. Civ. Code §3294(a); *Goldenberg v. Doe*, 731 F. Supp. 1155 (E.D.N.Y. 1990) (non-willful infringement resulted in no profits to defendant, and no damage award to plaintiff).

   i.   Whether Defendants' use of the objects amounts to a protected "prior use" because Defendants' use was done without knowledge of the Plaintiffs' prior use and Defendants' continuous use of the objects began prior to Plaintiffs' registration. *See Mister Donut of Am., Inc. v. Mr. Donut, Inc.*, 418 F.2d 838, 842-43 (9th Cir. 1969).

   j.   Whether Defendants use of the objects amounts to a normative fair use. *See Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 810 (9th Cir. 2003).

   k.   Whether Defendants use of the objects creates a likelihood of confusion for consumers. *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979).

   l.   Whether Plaintiffs' characters are composed of such basic visual elements that the copying of their generic nature is not actionable. *Alberto-Culver Co. v. Andrea Dumon, Inc.*, 466 F.2d 705, 711 (7th Cir. 1972).

4.   **Motions**. There are no prior or pending motions. <u>Plaintiffs</u> anticipate moving for partial summary judgment on liability. <u>Defendants</u> intend to file a motion for summary adjudication on their affirmative defenses and on the issues of law as to their alleged liability.

5.   **Pleadings Status**. Defendants filed their Answer to the Complaint on June 19, 2013. At this stage prior to discovery the Parties do not anticipate that they will add or dismiss any parties, claims or defenses. The Parties propose an October 25, 2013 deadline for amending the pleadings.

6.   **Initial Disclosures**. The Parties have agreed to exchange initial disclosures pursuant to Fed.R.Civ.P. 26 on July 24, 2013.

7.   **Discovery**. The Parties have not commenced discovery. Each Party hereby reserves its right to object to any discovery served by the opposing Party. Without waiver of, or prejudice to, those rights, each Party sets forth below the subjects on

1 which it intends to take discovery.  <u>Plaintiffs</u>, in general, intend to conduct discovery,
2 including requests for documents, interrogatories, requests for admission and
3 depositions, concerning, among other matters, the development, promotion and
4 marketing of defendants' games; the decision to include plaintiffs' works in the
5 games; the facts based upon which defendants deny that plaintiffs' works are in the
6 games or entitled to copyright or trademark protection; defendants' revenues, profits
7 and expenses from the games; and defendants' affirmative defenses.  <u>Defendants</u>
8 intend their discovery to include:  requests for documents, interrogatories, requests
9 for admission and depositions.  The focus of Defendants' discovery will be to gather
10 evidence to support its defenses and affirmative defenses, including factual
11 information about:  (1) Plaintiffs' trademark and copyright registration(s); ( (2)
12 Plaintiffs' character licensing and associated fees; (3) Plaintiffs' efforts (or lack
13 thereof) to affirmatively protect their characters from infringement; (4) the
14 relationship between Plaintiffs and Mr. Brad O'Farrell; and (5) any other rights or
15 interests that Plaintiffs claim in their characters.

16    <u>Fed. R. Civ.P. 26(f)(3) Discovery Plan.</u>`
17    <u>Rule 26(f)(3)(A):  Initial Disclosures</u>:  See No. 6 above.
18    A. The general subjects of discovery are set forth above.
19    C. <u>Rule 26(f)(3)(B):  Discovery Completion</u>.
20  The parties agree that discovery can be completed by May 2, 2014.
21    D. <u>Rule 26(f)(3)(B):  Phases or Limitations</u>.
22  Plaintiffs do not believe discovery should be conducted in phases or limited to
23 or focused upon particular issues.  Defendants believe that the completion of an
24 exchange of document requests and responses should occur before either party begins
25 taking depositions.
26    E. <u>Rule 26(f)(3)(C)</u>:  Electronically Stored Information.
27  The Parties do not anticipate any issues about disclosure or discovery of
28 electronically stored information that will require court intervention.  The Parties

agree not to require metadata to be produced for electronic material, with the caveat that, in the event that a Party believes that discovery of metadata as to specific material may be necessary or appropriate, the Parties will meet and confer on the issue and reserve their right to move to compel such discovery. The parties agree that all discoverable material will be produced in native format.

  F. <u>Rule 26(f)(3)(D): Privilege and Trial Preparation Materials</u>.

The Parties do not anticipate any issues about claims of privilege or protection of trial preparation materials except as provided in the proposed protective order referenced in paragraph H below.

  G. <u>Rule 26(f)(3)(E)</u>: <u>Changes in Discovery Limitations</u>.The Parties agree that there is no need to change the limitations on discovery imposed under the Federal Rules on the Central District Local Rules.

  H. <u>Rule 26(f)(3)(F)</u>: Other Orders under FRCP 16(b)-(c) or 26(c).

The Parties are jointly preparing a proposed protective order which they anticipate filing on or around July 19, 2013. This proposal represents a joint stipulation between the parties to maintain the confidentiality of certain business, financial, and proprietary information pertaining to the development and sales of Defendants' games, Defendants' financial and other confidential proprietary information, and plaintiffs' financial information, contracts with respect to the works at issue, and other confidential proprietary information. No other orders under Rules 16(b)-(c) or Rule 26(c) are anticipated at this time.

8. **Related Cases or Proceedings**: None.

9. **Relief Sought**. Plaintiffs seek (1) injunctive relief prohibiting defendants from selling or otherwise exploiting their works; (2) damages based on defendants' profits attributable to plaintiffs' works and/or on the fair market value of defendants' uses of plaintiffs' works; (3) an accounting; (4) a constructive trust; (5) treble damages and/or punitive damages; and their costs and attorney fees incurred herein. Plaintiffs are not able to calculate the amount of damages to which they are entitled without discovery

concerning defendants' revenues, profits and expenses from the games at issue. Defendants seek judgment against the plaintiff as follows: (1) Plaintiffs take nothing by their Complaint; (2) the Complaint be dismissed with prejudice; and (3) the Court award Defendants their costs of suit and reasonable attorneys' fees in defending this Complaint.

10. **Interested Parties**: Each Party has filed the "Certification as to Interested Parties or Persons" required by Local Rules. <u>Plaintiffs</u> filed its certification of interested Parties on April 22, 2013 and identified the following as potentially interested parties: Charles L. Schmidt, Christopher Orlando Torres, Warner Bros. Entertainment, Inc., 5th Cell Media, LLC, Joseph M. Tringali, Jeremiah Slaczka, and Brett Caird. <u>Defendants</u> filed its certification of interested Parties on June 19, 2013 and identified the following as potentially interested parties: Warner Bros. Home Entertainment Inc., Warner Bros. Entertainment Inc., Warner Communications Inc., Historic TW Inc., Time Warner Inc., and 5th Cell Media, LLC.

11. **Discovery & Motion Deadlines and Final Pretrial Conference/Trial Dates**.
- Dispositive Motions—filed by March 3, 2014
- Fact Discovery cutoff—May 2, 2014
- Expert disclosure—May 19, 2014
- Rebuttal expert disclosure—June 2, 2014
- Expert discovery cutoff—June 23, 2014
- Final Status Conference—July 14, 2014
- Trial—July 22, 2014[1]

12. **Jury Trial and Preliminary Estimate of Trial Length**. The Parties request a jury trial, and preliminarily estimate a seven day trial.

13. **Settlement.** The Parties have had unsuccessful settlement discussions before

---

[1] Defendants' lead trial counsel has two daughters' graduations and requests any schedule accommodate those family commitments: U. of Michigan, April 30-May 4,

1  the complaint was filed concerning Torres' claims of Defendants' alleged use of
2  Nyan Cat. Pursuant to Local Rule 26-1(c), at this time, plaintiffs believe that this case
3  is best suited for mediation with a neutral from the Court Mediation Panel upon the
4  close of non-expert discovery (ADR Procedure No. 2, L.R. 16-15.4). Defendants
5  prefer to proceed under ADR Procedure No. 3 (Private Mediation), but are willing to
6  accede to mediation before any of the Court's Mediation Panel if Plaintiffs do not
7  wish private mediation.

8  14.  This case is not complex.

9  15.  **Likely Dispositive Motions**. Plaintiffs anticipate that they will move for
10 partial summary judgment that defendants infringed their copyrights and trademarks.
11 Defendants anticipate filing a motion for summary adjudication regarding the
12 validity/enforceability of Plaintiffs intellectual property rights in their videos and on
13 their other affirmative defenses.

14 16.  **Unusual Issues:**   None.

15 17.  **Proposals Regarding Severance, etc.** Plaintiffs believe that all issues should
16 be tried together. Defendants request that the issues of both general and punitive
17 damages be bifurcated from the liability phase of the trial.

18 DATED: July 15, 2013            KING, HOLMES, PATERNO & BERLINER, LLP

20                                 By: _____/s/ Stephen D. Rothschild, Esq._____
                                         STEPHEN D. ROTHSCHILD
21                                  Attorneys for Plaintiffs CHARLES L. SCHMIDT
                                    and CHRISTOPHER ORLANDO TORRES

23 DATED: July 15, 2013            STEPTOE & JOHNSON LLP

25                                 By: _____/s/ Mark A. Neubauer, Esq._____
                                         MARK A. NEUBAUER
26                                  Attorneys for Defendants WARNER BROS. HOME
                                    ENTERTAINMENT, INC. and 5th CELL MEDIA, LLC

27 _____
28 2014, and U. of Chicago, June 12-14, 2014.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2013, I electronically filed the foregoing **JOINT REPORT (FRCP 26, LOCAL RULE 26)** with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

_____
Jennifer Mobarez